# Way v. Way

*George E. Lepley, Jr.,* for plaintiff.
*Scott T. Williams,* for defendant.

SMITH, *J.,* January 11, 1985—On October 20, 1983, plaintiff filed a complaint seeking a divorce pursuant to section 201 of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq. Well over 90 days have expired since the filing of the complaint. Defendant filed an affidavit of consent on July 11, 1984. Defendant now seeks to compel plaintiff to file an affidavit of consent or suffer a dismissal of the action of divorce.

The situation presented by this case is similar to that presented by the case of Chang v. Chang, 82-

20,554 (Opinion of November 14, 1983). In that case the court reviewed the law in this area and held that when plaintiff alleges that a marriage is irretrievably broken, and when defendant files an affidavit of consent making the same allegation, all facts relevant to the divorce issue have been admitted. We noted that "[s]imply because the court cannot force plaintiff to execute an affidavit of consent does not mean that 'plaintiff is somehow entitled to a decree of divorce exclusively on her terms.' " Chang at 3 (Citation omitted.)

The intent of Chang and of most other cases in this area is to prevent the spouse who has the most to gain from the delay from using the delay to gain an economic advantage over the other spouse. Sometimes this economic pressure manifests itself in the form of greater leverage over the other party in negotiating an agreement on equitable distribution. More typical is the situation where a spouse who is receiving support or alimony pendente lite will lose those benefits after the divorce action is resolved and, therefore, that spouse has no inducement to proceed to speedily resolve the case.

In this case plaintiff has requested no support or alimony pendente lite and he may or may not be seeking to gain an advantage in negotiations on the distribution of marital property. However, the economic influences are not the only factors which we should consider in deciding whether to order plaintiff to proceed with the action or suffer dismissal. Delay, especially in a divorce action, is in itself, an evil which should not be tolerated by the courts. We have a responsibility to encourage the speedy resolution of court cases so that the status of the parties may be determined in an efficient manner.

In the typical civil action no one party is able to control the time and circumstances of the disposi-

tion of the case. While it is true that the filing of various motions or discovery requests could serve to delay the resolution of the case, and that such maneuvers are sometimes used for the purpose of delay, the case will eventually be resolved with or without the consent of plaintiff.

In a divorce action where there has been no three-year separation nor any possible claim for divorce under Divorce Code §201(a), a divorce can only proceed with the consent of both parties. Were we to permit a party, who has already admitted that the marriage is irretrievably broken, to delay the divorce proceedings without reason, we would be failing to properly exercise our responsibility to maintain the integrity of the court system and to "make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experiences." (23 P.S. §102).

Plaintiff argues that the court's ordering him to file the consent would have the effect of ordering an automatic bifurcation of the divorce without his consent. See Wolk v. Wolk, 318 Pa. Super. 311, 464 A.2d 1359 (1983). This claim by plaintiff is of greater merit, but procedurally premature. The mere fact that plaintiff files an affidavit of consent does not bifurcate the divorce. The case would only be bifurcated after the decree in divorce was issued. The court will only grant a divorce after a praecipe to transmit record requesting a divorce decree is filed with the prothonotary. Pursuant to Lyc. Co. R.C.P. L1920.16, upon the filing of a praecipe to transmit record, the other party is permitted to file an objection to bifurcation. At that time plaintiff is entitled to a hearing on the bifucation. It is only after the praecipe to transmit record is filed that any issue related to bifurcation is raised. An objection to bifurcation filed prior to the filing of a praecipe to transmit record is premature.

656

The court will order plaintiff to file his affidavit of consent or suffer dismissal of the action. As Judge Kaplan noted in Rueckert v. Rueckert, 20 D.&C.3d 191, 197 (1981), "When a divorce action is filed under §201 alleging irretrievable breakdown, plaintiff must be prepared to proceed within the minimum time permitted under statute and rule." Here, the action was filed over 14 months ago. Virtually nothing has occurred to speed the case toward resolution. There has not even been a request for the appointment of a master to hear the economic issues.

For the above stated reasons we enter the following

## ORDER

And now, this January 11, 1985, it is ordered and directed that plaintiff file an affidavit of consent within ten days. Should plaintiff not file the affidavit of consent within ten days, plaintiff's action in divorce shall be dismissed upon praecipe of defendant.